DAVID J. GRECH
DGRECH@GRSM.COM



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
(212) 269-5500
WWW.GRSM.COM

November 7, 2024

**VIA ECF**
The Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

    Re:    *Flores v. Mission Ceviche, LLC et al.*
            Case No.: 1:24-cv-03626-AS

Dear Judge Subramanian,

    We represent defendants Mission Ceviche, LLC, Mission Ceviche UES Inc., Mission Ceviche Canal LLC, Mission Ceviche Nomad LLC, Jose Luis Chavez, Brice Mastroluca, and Miguel Yarrow (collectively "Defendants") in this case. The Court's last word on the discovery issues raised by Plaintiff's counsel was "It appears from the parties' recent filings . . . that discovery is chugging along just fine, despite plaintiff's representations to the contrary . . . ." (ECF No. 37). This is as true today, despite Plaintiff's counsel's representations to the contrary at ECF No. 43. Prior to our correspondence to the Court (ECF No. 36), which preceded this observation by the Court (ECF No. 37), we cautioned Plaintiff's counsel, in writing, on October 17, 2024, as follows:

> Seeing the speed with which the Court rules on your office's motions for discovery conferences and given the admonition from the Court resulting from your office's latest effort, should your office, nonetheless, in the future, elect to proceed with another such abusive, misrepresentation to the Court, we will immediately respond and seek sanctions, including our costs.

    Plaintiff's counsel request a conference with the Court regarding what they represent to be "Defendants' inability to set deposition dates until December." Plaintiff's counsel conveniently omit that both sides had been considering December deposition dates to allow time for a private mediation session. That was until Plaintiff's counsel decided that mediation would not able to proceed under terms they found satisfactory and communicated to us on October 22, 2024, "Your clock's run out. We are not mediating anymore. December is our discovery deadline. Pls provide dep dates in early Nov."

    Plaintiff's counsel also fail to inform the Court that our offices have been discussing the scheduling of depositions, including as recently as approximately one hour before Plaintiff's counsel elected to file yet another discovery motion today. Just yesterday, we wrote to Plaintiff's counsel, stating:

Hon. Arun Subramanian, U.S.D.J.
U.S. District Court, S.D.N.Y.
November 7, 2024
Page 2 of 3

> Brice Mastroluca will be serving a the 30(b)(6) witness. We are unable to conduct a deposition in November and we understand your concerns regarding the close of discovery. Are there any preferred dates the first week of December that work for your office concerning the depositions of Mr. Mastroluca and Mr. Chavez? In that same thread, is Ms. Flores available at all the first week of December to be deposed? Regarding Mr. Yarrow, and correct me if we have not brought this to your attention prior, but he is longer employed at the restaurant. We are still working on getting hold of him and will update you soon as possible.

In response to our request for their preferred dates for Plaintiff's deposition during the *first week of December,* Plaintiff's counsel stated earlier today that "Plaintiff is available for a remote deposition on Monday, *November 25, 2024*, starting at noon." We have repeatedly informed Plaintiff's counsel that the week of the Thanksgiving holiday should be avoided when scheduling depositions, for a variety of reasons. We have been discussing this same scheduling point with Plaintiff's counsel since they first shared potential mediation dates with us on October 17, 2024, which included November 25, November 27, December 10, and December 11. We informed Plaintiff's counsel then that our offices should target the December dates because as we had previously shared with them, the defense team is not available Thanksgiving week, either for what was a previously proposed mediation on November 25, 2024 or for the three (3) in-person depositions of Defendants that Plaintiff's counsel offered/threatened to take on November 26, 2024, should the November 25, 2024 mediation not result in settlement. Instead, our office proposed December 11 through December 13 for depositions, including Plaintiff's (again, if a mediation were to be held on December 10, 2024 that did not result in a settlement). We offered the further compromise to Plaintiff's counsel that if they insisted upon taking Defendants' depositions before our office deposed Plaintiff, we would not contest that sequence under the proposed arrangement.

Moving on to Plaintiff's counsel's second category of misrepresentation in their most recent discovery motion, Defendants have not delayed their production of e-discovery. The "delay" that seems to be bothering Plaintiff's counsel is in our agreeing to the terms of their proposed ESI stipulation. We are not aware of any obligation upon Defendants to agree to Plaintiff's proposed ESI stipulation at all, much less under Plaintiff's counsel's preferred timeline. Defendants' obligations do include responding to Plaintiff's proper discovery requests, which Defendants had done, prior to Plaintiff's counsel's prior (and second discovery) motion, in the form of nearly 400 pages of Defendants' document production.

In their haste to submit their latest discovery motion, Plaintiff's counsel cobbled together the following supposed reasons: "The offered dates for deposition are too late in the discovery process. A December deposition provides no time for Plaintiff to engage in follow-on [sic] discovery. Further, the late date provides no time for the submission of Plaintiff's contemplated Rule 23 motion for class certification." The "offered dates for deposition" are, again, during the first week of December. Even if Plaintiff's counsel felt the need to engage in follow-up discovery (given the existing production we could not imagine why), they would have until the existing close

of discovery to serve supplemental requests. As for "Plaintiff's contemplated Rule 23 motion for class certification," it is unclear how Plaintiff's counsel is tethering a motion deadline to a discovery deadline.

Should Plaintiff's counsel's instant application be considered and should Plaintiff's counsel "get their way," Plaintiff would appear for only a remote deposition on Monday, November 25, 2024, starting at noon, whereas Plaintiff's counsel would conduct a total of three (3) depositions of Defendants/Defendants' representatives in-person the very next day, again all during the week of the Thanksgiving holiday. If, instead, professionalism, courtesy, and civility should apply to this proceeding (as we have now had to repeatedly invoke Paragraph 1 of Your Honor's Individual Practices against Plaintiff's counsel), counsel could have conferred about requesting a short extension of discovery in this case. Under the circumstances, we expressly request that now, a short extension of the close of fact discovery until January 13, 2025.[1]

We greatly appreciate the Court's continuing attention to these matters and are available at the Court's convenience should it have any questions.

Respectfully submitted,

GORDON REES
SCULLY MANSUKHANI, LLP

*/s/ David J. Grech*

*Attorneys for Defendants*

The Court sees no reason why depositions in early December won't work. Additionally, it's not the Court's role to order defendants to sign a stipulation. So the motion at ECF No. 43 is DENIED. The Court reminds plaintiff's counsel of its obligation to try to work these issues out before seeking court intervention and to make truthful representations to the Court.

Defendants' request for a discovery extension is also denied. While the parties can make another application down the road if a brief extension is necessary, the parties should keep in mind that the Court generally does not stay litigation deadlines for purposes of mediation or settlement.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 43.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 12, 2024

---

[1] Under Paragraph 1 of Your Honor's Individual Practices and given that we had previously put Plaintiff's counsel on notice, by our October 17, 2024 correspondence referenced herein, we respectfully request that the Court take notice of what we respectfully submit is Plaintiff's counsel's "abusive conduct," including in "discovery communications."