UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELA FLORES, on behalf of herself, FLSA Collective Plaintiffs and the Class,<br><br>                     Plaintiff,<br><br>-against-<br><br>MISSION CEVICHE, LLC; MISSION CEVICHE UES INC.; MISSION CEVICHE CANAL LLC; MISSION CEVICHE NOMAD LLC; JOSE LUIS CHAVEZ; BRICE MATROLUCA; MIGUEL YARROW,<br><br>                     Defendants. | 24-CV-3626 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

      On October 29, 2024, Flores moved for conditional collective certification under 29 U.S.C. § 216(b) of the FLSA claims in this case for all non-exempt employees employed by defendants at any location on or after October 19, 2017 ("Covered Employees"). Dkt. 39. In addition, Flores requested other relief detailed in a proposed order at Dkt. 39-1, including approval of a proposed consent form and proposed notice; distribution of the notice with the consent form; consent forms sent directly to plaintiff's counsel; production of information related to Covered Employees; posting of the notice and consent form in defendants' places of business; and equitable tolling of the FLSA statute of limitations. Dkt. 39-1. Defendants have not filed any opposition, even after Flores asked this Court to grant the motion as unopposed. Dkt. 46.

      All that is required for conditional certification is a "modest factual showing" that plaintiffs "and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). This is a "low standard of proof" that Flores has clearly met, *id.*, so the motion for conditional collective certification is GRANTED. The proposed consent form and proposed notice are both approved, and they may be distributed to Covered Employees by mail, email, or text message. Consent forms for opt-in plaintiffs may be sent directly to plaintiff's counsel.

      As for Flores's request to have defendants produce "in Excel format the names, social security numbers, titles, compensation rates, dates of employment, last known mailing addresses, email addresses and all known telephone numbers of all Covered Employees," *see* Dkts. 39-1, 47, this request is GRANTED IN PART. "The Court declines to approve production of the Social

Security numbers for the potential collective action members before [Flores] has demonstrated, with specificity, the necessity of such sensitive information." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 489 (S.D.N.Y. 2016); *see also Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) ("The Court does not see the need to direct the disclosure of social security numbers at this stage. If Plaintiffs find that a large number of notices are returned as undeliverable, the Court can consider the matter at that time."). So the request for Covered Employees' Social Security numbers is denied without prejudice. Defendants must produce everything else in Excel format by **December 9, 2024**.

Flores's counsel must post the proposed notice and proposed consent form in defendants' places of business where Covered Employees are employed by **December 3, 2024**. Finally, the FLSA statute of limitations is tolled between October 19, 2023, and the end of the opt-in period.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. 39 and Dkt. 47.

SO ORDERED.

Dated: November 26, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge