**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
Daniela Flores, *on behalf of herself,*
*FLSA Collective Plaintiffs and the Class*,

                                         Plaintiffs,

            -against-

Mission Ceviche, LLC, Mission Ceviche UES Inc,
Mission Ceviche Canal LLC, Mission Ceviche
Nomad LLC, Jose Luis Chavez, Brice Mastroluca,
Miguel Yarrow,

                                         Defendants.
----------------------------------------------------------------X

**24-cv-03626 (KHP)**

**ORDER ON PARTIAL SUMMARY JUDGMENT MOTION**

**KATHARINE H. PARKER, United States Magistrate Judge:**

        On December 11, 2024, the Plaintiffs filed a motion to certify class. That motion remains *sub judice*. On January 17, 2025, the Plaintiffs filed a partial motion for summary judgment. With the filing, the Plaintiffs filed a proposed order granting their motion, which would purport to resolve class wide issues, despite the class certification motion not yet being decided, and prior to discovery being completed.

        The decision whether to address a summary judgment before class certification is within the discretion of the Court. *See Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998); *Boykin v. 1 Prospect Park ALF, LLC*, 993 F. Supp. 2d 264, 283 (E.D.N.Y. 2014).[1] Given the Court has not yet determined the class certification motion—meaning whether to grant and, if so, to

---

[1] In the typical case, the Court will grant a defendant's summary judgment motion before certifying a class where the claims have no ultimate merit or an individual plaintiff cannot carry their burden. In this case, although the Court has not prejudged the merits of any open motion or the ultimate issues in the case, the Court's decision on the class certification motion may potentially moot, in whole or in part, the partial summary judgment motion as filed. The Court would rather, therefore, the Plaintiffs have an opportunity to brief the issues again after its decision on class certification.

what extent—the Court cannot resolve these issues until the class, if any, is determined. As a result, the Court will deny the motion for partial summary judgment without prejudice. After the class certification motion is decided, the Court will address a new briefing schedule for summary judgment and/or schedule a trial, as appropriate.

The Clerk is respectfully directed to terminate the motion at ECF No. 63.

SO ORDERED.

DATED:   New York, New York
         August 29, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge