**GRSM50**
**GORDON REES SCULLY MANSUKHANI**
YOUR 50 STATE LAW FIRM™

DAVID J GRECH
dgrech@grsm.com

RODALTON J POOLE
rpoole@grsm.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/2025

The Plaintiff shall respond to this letter by Thursday, October 16, 2025.

SO ORDERED:
10/14/2025

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

October 10, 2025

**VIA ECF**
The Honorable Katharine H. Parker, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: *Flores v. Mission Ceviche, LLC et al.*
    Case No. 1:24-cv-03626

Dear Judge Parker:

We represent defendants Mission Ceviche, LLC; Mission Ceviche UES Inc; Mission Ceviche Canal LLC; Mission Ceviche Nomad LLC; Jose Luis Chavez; Brice Mastroluca; and Miguel Yarrow (collectively "Defendants") in this case. We write in the context of the Court's September 12, 2025 Opinion and Order (ECF 101), the parties' September 26, 2025 joint request concerning that Order (ECF 105), and the Court's September 29, 2025 Order regarding the parties' joint request (ECF 106).

This case was initiated by Daniela Flores, "on behalf of herself, FLSA Collective Plaintiffs, and the Class" ("Plaintiff Flores") on May 10, 2024. ECF 1. Nearly one year after this case was commenced, Plaintiffs' counsel filed "consent to sue" forms with the Court on behalf of Johnny F. Rivas and Carlos Torres on April 11, 2025 (ECF 76-77). Then another nearly six months after that, Plaintiffs' counsel filed "consent to sue" forms with the Court on behalf of Gustavo Ramirez Garcia, Jerry Castanon, and Mauro Palaguachi on September 25, 2025 (ECF 102-104).

On September 2, 2025, counsel for the parties appeared before the Court for oral argument of Plaintiff Flores' motion to certify a class. In the submissions leading up to that argument and on the record during the argument itself, Defendants informed the Court that despite multiple notices and scheduling confirmations, Plaintiff Flores had failed to appear for her deposition on multiple occasions. *See,* ECF 101 at p. 14 ("[Defendants] contend class certification is premature because discovery is incomplete – Plaintiff cancelled her deposition twice and refused to appear before the June 5, 2025 deadline set by the Court.").

In its Opinion and Order on Plaintiff Flores' motion to certify a class under Rule 23, the Court set a briefing schedule for any motion for summary judgment on Plaintiff Flores' or the opt-in Plaintiffs' individual claims, "[i]nsofar as discovery is complete." *Id.* at p. 25.

Hon. Katharine H. Parker, U.S.M.J.
U.S. District Court, S.D.N.Y.
October 10, 2025
Page 2 of 2

By joint letter, dated September 26, 2025, the parties, *inter alia*, informed the Court that they "are still discussing settlement and hope to devote resources to resolution rather than litigation" and requested an extension of time to object to and/or move to reconsider the Court's September 12, 2025 Opinion and Order (ECF 105).

By Order, dated September 29, 2025, the Court denied that portion of the parties' September 26, 2025 joint motion for an extension of time to file a motion for reconsideration of the Court's Opinion and Order on Plaintiff Flores' motion to certify a class (ECF 106).

Plaintiff's counsel failed to produce Plaintiff Flores for her deposition by June 5, 2025 despite the Court's order to do so.  *See, e.g.,* ECF 101 at p. 2 (noting that the "Court [had] indicated that Plaintiff [Flores'] deposition had to be conducted by June 5, 2025").  While the parties continue their settlement discussions (as last jointly reported to the Court on September 26, 2025) including, as recently as earlier today, the fact remains that named Plaintiff/now Class Representative Flores has not been produced by her counsel in order to be deposed by Defendants.  The prejudice this has exacted upon the defense has only been exacerbated by Plaintiffs' counsel's doubling the number of Plaintiffs in this case more than sixteen months after they commenced it, nearly six months after the last Plaintiffs opted-in, and nearly two weeks after the Court set a dispositive motion briefing schedule, "[i]nsofar as discovery is complete."  *Id.* at p. 25.

Defendants have engaged in settlement discussions in good faith and genuinely hope that those discussions culminate in a resolution.  Should those discussions not resolve this case, however, Defendants are entitled, by the applicable procedural rules, Orders of this Court, and equity, to discovery, including depositions, of Plaintiffs, in order to defend against the claims being asserted against them and, at a minimum, to respond to the dispositive motions, as scheduled by the Court.

We appreciate the Court's attention to these important issues.

                Respectfully submitted,

                */s/ David J. Grech*
                David J. Grech

cc.    All Counsel of Record (via ECF)