**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
Daniela Flores, *on behalf of herself,*
*FLSA Collective Plaintiffs and the Class*,

                                        Plaintiffs,                           **24-cv-03626 (KHP)**

                        -against-                                              **ORDER**

Mission Ceviche, LLC, Mission Ceviche UES Inc,
Mission Ceviche Canal LLC, Mission Ceviche
Nomad LLC, Jose Luis Chavez, Brice Mastroluca,
Miguel Yarrow,

                                        Defendants.
----------------------------------------------------------------X
**KATHARINE H. PARKER, United States Magistrate Judge:**

        The Court is in receipt of two purported Notices of Acceptance with Offer of Judgment

(ECF Nos. 120, 122) and two proposed judgments (ECF Nos. 121, 123).  In the first-filed Notice

of Acceptance, lead Plaintiff and representative of the certified class (ECF No. 101) has noticed

her acceptance of the Defendants' Offer of Judgment dated November 4, 2025.  In the second-

filed Notice of Acceptance, opt-in Plaintiffs Jerry Castanon, Gustavo Ramirez Garcia, Mauro

Palaguachi, Johnny Rivas, and Carlos Torres have noticed their acceptance of Defendants' offer

of judgment dated November 4, 2025.  The filings purport to be made pursuant to Federal Rule

of Civil Procedure 68. The proposed judgments note that no class notices have been

distributed, although they are required to be distributed by November 14, 2025. (ECF No. 120-

1, at 2; ECF No. 122-1, at 3; ECF No. 114.)

        Following class certification, Plaintiff's counsel and lead Plaintiff Flores have fiduciary

obligations to the class.  *See Martens v. Thomann*, 273 F.3d 159, 173 n.10 (2d Cir. 2001) (noting

class representatives owe a fiduciary duty to class members).  Rule 23(e)(1) requires notice to

be sent to the class in connection with any settlement of class claims.  The Proposed Judgments and Offers of Judgment contain no language providing compensation for absent class members, and the parties have provided no explanation for how they intend to proceed with the class claims.  And the parties do not provide any explanation as to why they believe the proposed judgment should be approved, whether notice to the class of the purported settlements is appropriate, or how Rule 68 procedures are otherwise consistent with Rule 23(e).

Accordingly, the Court hereby orders the parties to file a letter regarding their position on the obligations of Rule 23(e) in the context of their Rule 68 proposed judgment and how they intend to proceed with the class claims.  The Court is familiar with case law which suggests that Rule 68 cannot be used as a vehicle to settle Rule 23 class claims, at least not without first decertifying the class and/or expressly leaving the class claims unresolved. *See McDowall v. Cogan*, 216 F.R.D. 46, 49 (E.D.N.Y 2003) (citing, *inter alia*, *Schaake v. Risk Mgmt. Alts.*, 203 F.R.D. 108, 111 (S.D.N.Y. 2001)); *Martinez v. JLM Decorating Inc.*, No. 20-cv-2969 (SN), 2025 WL 2123653, at *1 (S.D.N.Y. July 29, 2025) (resolving class claims under a Rule 68 offer of judgment only upon decertifying the Rule 23 class because the settling plaintiffs were no longer adequate representatives).  The parties should address this case law in their letter.  The letter shall be due by **November 19, 2025**.  Further, the Court will hold a conference on these issues on **December 15, 2025, at 12:30 p.m.**  As a result, the Court holds the proposed judgments and offers of judgment in abeyance pending the resolution of these issues.

      **SO ORDERED.**

DATED:     New York, New York
             November 12, 2025

                                         *Katharine H. Parker*
                                      KATHARINE H. PARKER
                                      United States Magistrate Judge