**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
Daniela Flores, *on behalf of herself,*
*FLSA Collective Plaintiffs and the Class*,

                                        Plaintiffs,                    **24-cv-03626 (KHP)**

                    -against-                                          **ORDER DECERTIFYING CLASS AND**
                                                                       **CONDITIONALLY APPROVING**
Mission Ceviche, LLC, Mission Ceviche UES Inc,                         **PROPOSED JUDGMENTS**
Mission Ceviche Canal LLC, Mission Ceviche
Nomad LLC, Jose Luis Chavez, Brice Mastroluca,
Miguel Yarrow,

                                        Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

        This class and collective action was brought under the Fair Labor Standards Act ("FLSA")

and the New York Labor Law ("NYLL"), seeking unpaid straight-time and overtime wages,

among other relief.  Before the Court now is Defendants' unopposed motion to decertify the

Rule 23 class. (ECF No. 124.)  For the reasons set forth below, the motion to decertify the Rule

23 class is **granted.**

                                        **BACKGROUND**

        Plaintiff filed this case on May 10, 2024, asserting violations of FLSA and NYLL on behalf

of herself and similarly situated employees. (*See generally* ECF No. 1.)  This Court granted

Plaintiff's motion to conditionally certify a collective under Section 216(b) of the FLSA, after

which notice was sent to the collective and five individuals opted into this action.

        On September 12, 2025, this Court granted in part Plaintiffs' motion to certify a Rule 23

class for the purposes of the NYLL claims.  Specifically, the Court certified

> a class of front-of-house employees of Mission Ceviche UES with respect to their claim that they are due additional straight time and/or overtime pay because of defects in the tip credit notice, failure to maintain a daily log of tips, and miscalculation of the tip credit overtime rate . . . from the date Mission Ceviche UES opened in 2019 to the date of this Opinion and Order.

*Flores v. Mission Ceviche, LLC*, No. 24-cv-3626 (KHP), 2025 WL 2636303, at *11 (S.D.N.Y. Sept. 12, 2025).  The deadline to send the notice was set as October 31, 2025. (ECF No. 110.)  That deadline was extended to November 14, 2025. (ECF No. 114.)

Class notice was not sent as ordered by the Court.  Instead, before the date to mail class notice, on November 6, 2025, Plaintiff filed two Notices of Acceptance with Offer of Judgment and Proposed Judgments, indicating that Defendants had made Rule 68 Offers of Judgment to Plaintiff Flores and all the FLSA Opt-in Plaintiffs, all of whom accepted.  The Proposed Judgments sought to end this case with prejudice. (ECF Nos. 120-23.)  Insofar as the Offers of Judgment did not resolve claims of absent class members, this Court entered an order directing the parties to submit a letter addressing "case law which suggests that Rule 68 cannot be used as a vehicle to settle Rule 23 class claims, at least not without first decertifying the class and/or expressly leaving the class claims unresolved." (ECF No. 124 (citing *McDowall v. Cogan*, 216 F.R.D. 46, 49 (E.D.N.Y. 2003), and *Martinez v. JLM Decorating Inc.*, No. 20-cv-2969 (SN), 2025 WL 2123653, at *1 (S.D.N.Y. July 29, 2025).)

The parties timely filed their letter. (ECF No. 125.)  The Defendants requested decertification of the class, which Plaintiffs did not oppose.  The Plaintiffs suggested that notice should be sent to the absent class members of the settlement so they may lodge objections, citing New York procedure and case law in support of this proposition.  Defendants argued that this notice would not be necessary.

**DISCUSSION**

Courts must continue to assess whether class treatment remains appropriate throughout an action. *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999); *Mazzei v. Money Store*, 829 F.3d 260, 266 (2d Cir. 2016); *Jin v. Shanghai Original, Inc.,* 990 F.3d 251, 262 (2d Cir. 2021).  Indeed, Rule 23 contemplates this by providing that the Court may alter or amend any order granting or denying class certification at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C); *see also In re J.P. Morgan Chase Cash Balance Litig.*, 255 F.R.D. 130, 133 (S.D.N.Y. 2009) ("A district court does have discretion to alter or amend a class action ruling before final judgment.") (citations omitted). Accordingly, "a district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met." *In re Namenda Indirect Purchaser Antitrust Litig.*, No. 15-cv-6549 (CM) (RWL), 2022 WL 4298767, at *6 (S.D.N.Y. Sept. 19, 2022) (quoting *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2d Cir. 1982)) (internal quotation marks omitted).

An intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice are reasons that may warrant a change to a prior order on class certification; however, there may be other circumstances that cause the court to find that a "previously satisfied requirement of Rule 23 is now lacking." *B&R Supermarket, Inc. v. Visa Inc.*, No. 17-cv-2738 (MKB), 2024 WL 3823096, at *8 (E.D.N.Y. Aug. 14, 2024) (internal quotation marks omitted); *Jin*, 990 F.3d at 262 (stating that a significant intervening event is not required to decertify a class).

As set forth in this Court's prior opinions, for class treatment to be appropriate, a plaintiff must satisfy Rule 23(a) requirements that (1) the class be "so numerous that joinder of

all members is impracticable;" (2) there are "questions of law or fact common to the class;" (3)"the claims or defenses of the representative parties are typical of the claims or defenses of the class;" and (4) the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  Additionally, a plaintiff must show one of the three requirements of Rule 23(b) is met.  In this case, the court previously found that Rule 23(b)(3) predominance was met--that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Plaintiffs bear the burden of demonstrating by a preponderance of the evidence that Rule 23 requirements are satisfied throughout the case, even when opposing a motion for decertification.  *Mazzei*, 829 F.3d at 270; *Price v. L'Oreal USA, Inc.*, 17-cv-614 (LGS), 2021 WL 4459115, at *3 (S.D.N.Y. Sept. 29, 2021).

The Court addresses three issues in its Order:  first, the suitability of decertification to the facts of this case; second, whether notice to absent Rule 23 class members is required or appropriate given the Rule 68 offers of judgment have been accepted; and third, whether the Rule 68 offers of judgment should be approved.

1. *Decertification*

The Court grants the motion for decertification of the class.  Defendants assert that Plaintiff Flores is no longer an adequate class representative.  They further argue that she lacks Article III standing to pursue the claims.

The Court agrees that neither Plaintiff Flores nor any of the opt-in Plaintiffs are adequate class representatives at this point.  Class representatives generally "must be part of the class and possess the same interest and suffer the same injury as the class members," as well as the "ongoing burden" of showing the named plaintiffs will "fairly and adequately protect the interests of the class." *Martinez*, 2025 WL 2123653, at *2 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997), and Fed. R. Civ. P. 23(a)(4)) (internal quotation marks omitted).  Accepting the Rule 68 offer of judgment was an intervening event which caused Plaintiff "no longer [to] have a reason to 'vigorously pursu[e] the class claims' or protect the interests of a Rule 23 class." *Id.*(citing *Rivera v. Harvest Bakery, Inc.*, 312 F.R.D. 254, 274 (E.D.N.Y. 2016)).  And, insofar as all the opt-in Plaintiffs also accepted offers of judgment, it would be inappropriate to substitute them as lead plaintiff because they too no longer have a reason to vigorously pursue claims on behalf of absent class members.

Further, the relatively early posture of the class certification—before class notices have gone out and without any significant class discovery conducted—means there will be no prejudice to the absent class members. *See Benavides v. Serenity Spa NY Inc.*, No. 15-cv-9189 (JLC), 2018 WL 2383144, at *3 (S.D.N.Y. May 25, 2018).  Before notice is sent, "a certification order is 'inherently tentative.'" *Wu v. Pearson Educ. Inc.*, No. 09-cv-6557 (KBF), 2012 WL 6681701, at *5 (S.D.N.Y. Dec. 21, 2012) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).  Moreover, the absent class members' claims are tolled under the *American Pipe*[1] doctrine through the date of this Opinion and Order, and therefore, there will be no prejudice to them bringing claims should they choose to. *Benavides*, 2018 WL 2383144, at *3 (citing *Scott*

---

[1] *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

*v. Chipotle Mexican Grill, Inc.*, No. 12-cv-8333 (ALC) (SN), 2017 WL 1434498, at *1 (S.D.N.Y. July 17, 2012), and *Morano v. Intercontinental Capital Grp., Inc.*, No. 10-cv-2192 (KBF), 2012 WL 2952893, at *9 (S.D.N.Y. July 17, 2012)); *see also In re WorldCom Secs. Litig.*, 496 F.3d 245, 256 (2d Cir. 2007).

Accordingly, the Rule 23 class referenced in the September 12 Order is hereby decertified because there is no longer an adequate class representative to pursue the interests of absent class members.[2]

2.   *Notice to Absent Class Members*

The Court now turns to Plaintiffs' request for notice.  Rule 23(e) requires that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. Civ. P. R. 23(e).  Under Rule 23(e)(1), "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class."  Courts are required to "direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).  Rule 23(e)(5) provides for a procedure by which class members "may object to the propos[ed settlement] if it requires court approval."

---

[2] The Court does not specifically address the standing argument raised by Defendants, as it is not necessary to determine the motion.

Plaintiff requests that notice be sent to the absent class members of the settlement, citing *Desrosiers v. Perry Ellis Menswear, LLC*, 139 A.D.3d 473 (N.Y. App. Div. 1st Dep't 2016), which was later affirmed, 30 N.Y.3d 488 (N.Y. 2017) ("*Desrosiers II*").  The case dealt with New York CPLR 908, not Rule 23.  CPLR 908 provides specifically that: "A class action shall not be dismissed, discontinued, or compromised without the approval of the court. Notice of the proposed dismissal, discontinuance, or compromise shall be given to all members of the class in such manner as the court directs."  In *Desrosiers II*, the Court of Appeals noted that CPLR 908 is ambiguous insofar as it does not refer to a certified class action. *Desrosiers II*, 30 N.Y.3d at 494. Thus, it was decided under state, not federal law. However, federal procedure controls in a case like this involving the Court's supplemental jurisdiction over state law claims. *Pop Bar, LLC v. Fellows*, No. 12-cv-6647 (TPG), 2013 WL 4446227, at *6 (S.D.N.Y. Aug. 19, 2013).  Thus, Rule 23 is the guiding rule.

Further, while *Desrosiers II* ultimately concluded that state law required notice of a settlement be sent to absent class members even if a class had not been certified, its rationale was based in part on a comparison of CPLR 908 to the 1975 version of Rule 23.  Rule 23(e) was subsequently amended in 2003 "to strengthen the process of reviewing proposed class-action settlements," and to "resolve[] the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action.'" Adv. Comm. Notes to 2003 Amd., Fed. R. Civ. P. 23.  The Advisory Committee noted "[t]hat language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues or defenses of a *certified* class are resolved by a settlement, voluntary dismissal, or compromise." *Id.* (emphasis added) (citations

omitted).  When Rule 23(e) was again amended in 2018, the Advisory Committee noted the amendment was "to make explicit that [the Rule's] procedural requirements apply in instances in which the court has not certified a class at the time that a proposed settlement is presented to the court." Adv. Comm. Notes to 2018 Amd., Fed. R. Civ. P. 23.

While Rule 23(e) expressly requires notice to absent class members when there is a settlement of class claims, it must be read together with the other procedural rules governing class certification.  Since courts have an ongoing obligation to assess whether a class should be certified, *Mazzei v. Money Store*, 829 F.3d 260, 266 (2d Cir. 2016), the law allows for decertification and/or creation of subclasses if conflicts of interest among class members during the life of a case. *See Martinez*, 2025 WL 2123653, at *2; *see also Rivera*, 312 F.R.D. at 274 (certifying a class where plaintiffs rejected a Rule 68 offer of judgment in a class action, negating inference of conflict of interest); *Francisco v. NY Tex Care, Inc.*, No. 19-cv-1649 (PKC) (ST), 2022 WL 1605662, at *2. *But see Mazzei*, 829 F.3d at 273 (noting that courts finding conflicts of interest should usually create subclasses where class members' interests are in accord but finding "no apparent basis" for determining subclasses where jury verdict defeated typicality and predominance).  Further, all of Rule 23(e) prescriptions for notice are predicated upon the idea that the settlement will bind the absent class members:  The two types of classes requiring notice are "a certified class" and "a class *proposed to be certified for the purposes of settlement.*" Fed. R. Civ. P. 23(e) (emphasis added).  And the Rule specifies that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to"

approve the proposal and certify the class for the purposes of a judgment. Fed. R. Civ. P. 23(e)(1)(B).

Here, however, the Court has decertified the class and the settlement does not purport to bind absent class members. Accordingly, notice of the settlement of the individual claims is not required under Rule 23. Nor would notice be prudent insofar as notice of certification was never sent out. Any notice about decertification and settlement of individual claims would be confusing to individuals who never knew about the class being certified in the first place. Moreover, the Court notes that a portion of the class received notice of this action after conditional certification of the collective, which alerted them of the opportunity to assert wage claims in this action. Yet only a handful of people opted in, suggesting that not many of the absent class members are interested in pursuing claims.

3. *Rule 68 Offers of Judgment*

"Generally, court approval is not required where a Rule 68 offer of judgment resolves a Fair Labor Standards Act Claim." *Martinez*, 2025 WL 2123653, at *1 (citing *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019)). "However, Rule 23(e) governs the resolution of the New York Labor Law class action." *Id.* As noted, it requires court approval of a settlement of class action claims.

As in *Martinez*, here only the individual claims of Plaintiff and the opt-in Plaintiffs are being resolved by the Rule 68 offers of judgment. The offers of judgment note that "[n]o class or collective action notice has been distributed," and that no class members—except the FLSA collective members—have opted into the action, such that judgment should be permitted "in favor of" all plaintiffs *individually* against the LLC Defendants. (ECF Nos. 120-1, 122-1.)

However, this language is not sufficient to protect the absent class members in the Court's view.  Rather, they must be revised and re-filed to include an express provision that the judgment will not bind absent putative class members.  Such an express provision will bring the proposed judgment into conformity with Rule 23 and case law on Rule 68 offers of judgment in class actions. *See Martinez*, 2025 WL 2123653, at *1 (citing *Francisco v. NY Tex Care, Inc.*, No. 19-cv-1649 (PKC) (ST), 2022 WL 1605662, at *3 (E.D.N.Y. May 12, 2022)).  Once the revised proposed judgments are filed, the Court will approve the settlement.

## CONCLUSION

The motion to decertify the class is **granted**.  The Court will not require any notice to be sent to absent putative class members under Rule 23(e) because the judgment will not resolve any class claims and absent members of the class that had been certified are not barred from bringing individual claims by virtue of the settlement or judgment.  The parties shall file updated proposed judgments by **December 9, 2025**.

**SO ORDERED.**

DATED:    New York, New York
          December 2, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge